# *Ex parte* Reese.

### *Application for Mandamus.*

1.  *Right of appeal in criminal cases; statutory requirements of bond constitutional.*—The statute,(Crim. Code of 1886, § 4226) providing that upon entering into a bond the defendant shall have the right to appeal from a conviction in a county court to the circuit or city court, is constitutional; and the giving of a bond with two or more sufficient sureties in the terms provided by the statute, is a condition precedent to the right of appeal, and without such bond no appeal can be granted or entertained.

The proceedings in this case were had upon an application for *mandamus* made by W. S. Reese, Jr., to the judge of the city court of Montgomery, asking for an order requiring the judge of the county court of Montgomery to allow one Fannie Harris to take an appeal, from a conviction for a misdemeanor, from the county court to the city court of Montgomery, without giving bond. It was shown that the said Fannie Harris was tried before the judge of the county court without a jury and was convicted of using insulting, abusive and obscene language in the presence of females, etc; the said defendant having failed to demand a trial by jury. Upon her conviction the petitioner moved that she be granted an appeal to the city court without the giving of bond. This motion was overruled. Upon these facts, the judge of the city court declined to issue the writ of *mandamus*, and thereupon the motion was renewed in this court.

WARREN S. REESE, JR., for petitioner.—The legislature did not have the right to pass a criminal law which based the defendant's right to appeal upon his financial ability to make bond; and if such construction is to be placed upon section 4226 of the Criminal Code, then said section is unconstitutional.—*Reeves v. State*, 96 Ala., 37 ; *Sullivan v. Adams*, 3 Gray, 477 ; *State v. Everett*, 14 Minn. 332 ; *Jones v. Robbins*, 8 Gray, 341.

[Dennis v. The State.]

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The only question in this case is whether a person proceeded against by information or complaint, charging a misdemeanor, in the county court, and who there, failing to demand a trial by jury, is duly tried and convicted, is entitled to an appeal to the circuit (or city) court without giving bond as required by section 4226 of the Code. We are opinion that the section in question is clearly within legislative competency, and therefore constitutional; and that, of consequence a compliance with its requirements is a condition precedent to the right of appeal.

The application for *mandamus* is denied.