# Town of Brighton *v.* Miles.

*Violation of Municipal Ordinance.*

(Decided Dec. 19, 1907.  45 So. Rep. 160.)

*Municipal Corporations; Violation of Ordinances; Appeal by Municipality.*—Unless the power is given it by its charter a municipal corporation has no right of appeal from judgments acquitting one of violation of its ordinances, as section 2896, Code 1896, gives that right to defendants alone.

APPEAL from Bessemer City Court.

Heard before Hon. William JACKSON.

Cicero Miles was prosecuted for a violation of the ordinance of the town of Brighton. From an order of discharge, the town appeals. Dismissed.

See 151 Ala. 479, 44 South. 394.

G. F. GOODWYN, for appellant. Counsel discusses assignments of error and cites authorities in support thereof but does not discuss the matters touched upon in the opinion of the court.

PINKNEY SCOTT, for appellee. Counsel discuss errors insisted on but does not discuss the matters touched upon in the opinion.

ANDERSON, J.—This is an appeal by the town of Brighton from a judgment of the city court discharging the appellee, who was prosecuted for the violation of a town ordinance. The appellant is an incorporated town under the general law (chapter 79 of the Code of 1896), and the only provision in reference to the right of appeal from judgments upon prosecutions for violating ordinances applies to the defendant alone, and not the municipality (section 2969 of the Code of 1896)..

The court has heretofore considered appeals by municipalities from judgments discharging defendants charged with violating ordinances; but it was due to the fact that their charters gave them the right, or that the right of appeal was not considered. We are of opinion that the appellant has no right of appeal in this cause. "The right to review proceedings for the alleged violation of a municipal ordinance by appeal exists only when authorized by law. The principle is well established that, when a particular jurisdiction is conferred upon an inferior court, its decision, when acting within its jurisdiction, is final, unless provision is made for an appeal from such decision."—McQuilllan on Municipal Ordinances, § 361. What was said in the case of *Town of Camden v. Bloch,* 65 Ala. 237, to the effect that the municipality had the right of appeal, was mere dictum, as the questions there considered were presented by a common-law certiorari. The cases there cited do not bear out the assertion. The case of *Marion v. Chandlr,* 6 Ala. 899, was presented by a common-law certiorari. The case of *City of Montgomery v. Foster,* 54 Ala. 62, was from a judgment improperly taxing it with the cost, and was not from the judgment discharging the defendant, who had been charged with a violation of its ordinance. On the other hand, it was said in the case of *City of Montgomery v. Belser,* 53 Ala. 379: "The charter of a

municipal corporation not providing a remedy by which the judgments of its officers against those charged with a violation of its by-laws and ordinances can be reviewed, a certiorari from the circuit court is the only proper remedy for their revision"—citing the *Chandler Case, supra.*

This court is without jurisdiction to consider this appeal, which must be dismissed.

Tyson, C. J., and Haralson and Simpson, JJ., concur.