# City of Birmingham *v.* Ridgeway.

*Violating Municipal Ordinance.*

(Decided 16, 1909.   51 South. 303.)

*Municipal Corporations; Violation of Ordinance; Appeal by City; Record.*—Section 1220, Code 1907, gives the city the right to appeal from prosecutions for violating city ordinance only where the validity of the ordinance is involved; and hence, to support an appeal by the city from such a case, the record should show that the trial court held the ordinance invalid.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. O. LANE.

J. T. Ridgeway was prosecuted for violating an ordinance of the city of Birmingham, and the city takes this appeal, from a judgment acquitting the defendant.   Appeal dismissed.

J. Q. SMITH, for appellant.—The cause was quasi criminal and it was proper for the city to file its declaration.—*Allbright v. City of Cullman,* 30 South. 415. The complaint followed the ordinance, and the court erred in sustaining demurrers thereto.

M. M. ULLMAN, for appellee.—Counsel insist that the appeal should be dismissed because the record nowhere shows that the appeal involves the validity of an ordinance of the city, and hence, the city has no right to appeal.—Sec. 1220, Code 1907.

ANDERSON, J.—While section 1220 of the Code of 1907 gives the defendant the right of appeal in any case, the city is given the right of appeal only in cases where the validity of the ordinance is involved.   There is nothing in the record that would indicate that the ordinance

[Eidge v. City of Bessemer.]

in question was held invalid by the trial court, and the appellee's motion to dismiss this appeal must be sustained.—*Town of Brighton v. Miles,* 153 Ala. 673, 45 South. 160.

Appeal dismissed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.