# State *ex rel.* City of Birmingham *v.* Fort.

## *Mandamus.*

(Decided Dec. 16, 1909.　51 South. 317.)

1. *Jury; Right of Trial by; Violations of City Ordinance.*—The legislature may provide that cases for the violation of city ordinances and by-laws may be tried without a jury both in the primary and the appellate courts, but where it is simply provided that an appeal may be taken, and a trial had de novo, it must be inferred that the trial de novo in the appellate court is to be according to the rules and practices of the appellate court.

2. *Same.*—Construing sections 1215, 1217 and 1218, Code 1907, it is held that the appeal provided for in section 1218, refers to cases in violation of the city ordinances, and that there is no provision in these sections depriving a party of the right to demand a jury trial according to the procedure and practice of the court, to which the appeal is taken.

Original petition in the Supreme Court.

Mandamus by the state on the relation of the city of Birmingham against Hon. William E. Fort, judge of the Criminal Court, to compel him to transfer a case involving a violation of the city ordinance from the jury to the nonjury docket. Mandamus denied.

J. Q. SMITH, for appellant.—The contention of petitioner is that sections 1217, 1220, Code 1907, provided a complete scheme for appeals from the appellate court,

and that the right of trial by jury is not contemplated in regard to the violation of municipal ordinances; that prosecutions for violations of municipal ordinances are only quási criminal and that section 1451, Code 1907, does not apply where a complete scheme for appeal is provided for as in the above section.—*Costello v. Feagin*, 162 Ala. 191; *Mayor, etc., v. Allaire*, 14 Ala. 60; *Miller v. City of Birmingham*, 14 South. 388; *Bray v. The State*, 140 Ala. 172; *City of Birmingham ex rel. State*, 51 South. 301.

VASSAR L. ALLEN, and A. LEO OBERDORFER, for appellee.—Counsel insist that section 1217-21, while providing for an appeal contains no provisions from which it can be inferred that the case should be tried, otherwise than according to the procedure and practice of the court to which the appeal is taken.—*Reeves v. The State*, 96 Ala. 39; *Barron v. City of Anniston*, 48 South. 58; *Perry v. The State*, 78 Ala. 22; *Freeman v. Bridges*, 123 Ala. 288.

SIMPSON, J.—This is a petition by the city of Birmingham for a writ of mandamus to Hon. William E. Fort, as judge of the criminal court of Jefferson county, requiring him to transfer the case of the *City of Birmingham v. J. T. Wilson* from the jury docket to the nonjury docket of said court, and to try the same without a jury. Said Wilson was tried by the recorder of the city of Birmingham for a violation of the city ordinance in regard to gambling housees, was convicted, and appealed to said criminal court of Jefferson county, demanding a trial by jury.

It is admitted that it is within the power of the Legislature to provide for the trial of such offenses without a jury; so the question to be decided is whether or not

the statutes require said criminal court to try such cases, when brought up to it, without a jury. Said recorder has been chosen and is acting under statutes in the Code relating to municipal corporations. The case of *Costello v. Feagin, Judge,* 162 Ala. 191, 50 South. 134, is based upon an act which provided that, when a case was appealed 'from the police court to the criminal court of said county, it should be tried de novo without a jury.—Section 6, Act Feb. 11, 1885; Acts 1894-95, pp. 530, 531. The case of *Miller v. Mayor, etc., of Birmingham,* 151 Ala. 469, 44 South. 388, 125 Am. St. Rep. 31, rests on the same statute.

While the Legislature may provide that such cases shall be tried, both in the primary and the appellate court, without a jury, yet, when it simply provides for an appeal and a trial de novo, the inference must be that when it is tried de novo in the appellate court it is to be in accordance with the rules of practice in that court. Referring to the statutes, section 1217 of the Code of 1907 provides that "the case appealed shall be tried de novo in such court, and the judge or jury trying such cause is authorized to impose upon the person convicted such punishment, by fine or by imprisonment in the city jail, or other place of confinement, or hard labor for the city, or by fine and imprisonment, as the court or jury may deem proper and is authorized by law or ordinance for such offenses."

It is insisted by the petitioner that, because section 1215, besides giving the recorder jurisdiction to try for violations of city ordinances and by-laws, also gives him "full jurisdiction in criminal and quasi criminal matters," and states that "he shall have the power of ex officio justice of the peace, except in civil matters," the references to a jury in section 1217 apply only to cases where a party has been tried for a violation of the state

[State ex rel. City of Birmingham v. Fort.]

law. It is true that, if the statute had distinctly differ-
entiated the two classes of cases by providing that ap-
peals in one class should be tried without a jury, such a
construction might be adopted; but where the appeal is
provided for "any case," and there are no other pro-
visions of the statute indicating a distinction, such a
construction is not clear. It is significant , also, that
the "judge or jury trying such cause" on the appeal is
authorized to punish "by fine or by imprisonment in
the city jail, * * * or hard labor for the city," and no
provision is made as to parties convicted of an offense
against the state. Also, in section 1218, it is provided
that in case of default in appearing, on such appeal, for-
feiture on the bond shall be entered up "as is authorized
or provided by law in criminal cases," which provision
would be unnecessary if it were already a criminal
case under the laws of the state; also that, unless judg-
ment is confessed in favor of the city "in the same man-
ner as provided for in convictions for violating the state
laws, the said court must remand the defendant to the
city authorities for punishment," and the fine and costs
paid are required to be paid by the clerk to "the treas-
urer of the city."

From these and other provisions which might be cit-
ed, and without resorting to section 1451 of the Code,
we hold that the appeal provided for by the sections
recited refers to cases involving violations of the city
ordinances, and that there is no provision depriving the
party whose case goes by appeal to the criminal court
of Jefferson county of the right to demand a jury trial
according to the practice of that court.

The writ of mandamus is denied.

Mandamus denied.

ANDERSON, MCCLELLAN, and MAYFIELD, JJ., concur.