# House v. City of Anniston.

*Conditional Forfeiture of Bail.*

(Decided June 19, 1912.   Rehearing denied July 11, 1912.)
59 South. 686.)

1. *Bail; Release of Sureties; Violating Ordinance.*—Where a principal was convicted in the Recorder's Court and appealed to the City Court, the Recorder's Court no longer had jurisdiction of the matter, and a surety on the appeal or bail bond was not released by delivering the principal to the city authorities.

2. *Same.*—Undertaking of bail after conviction in the Recorder's Court on appeal from such conviction to the City or Circuit Court, is not within the statutory system of appeals and appearance bonds on conviction of crime; it is no more than a civil contract to which the provisions authorizing the surrender of principals in criminal

cases have no application; the sureties are remitted to the provision of the common law for the methods of exempting themselves from liability, on such bond, which is to surrender the principal to the court to which the bond bound him to appear, and hence, a delivery of the principal to the sheriff was not an exoneration of the bond.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

F. M. House became surety for one Bales on his appeal from the Recorder's Court under a conviction for violating the city ordinance. From a judgment conditionally forfeiting the bond, House appeals. Affirmed.

TATE & WALKER, for appellant. The appellant surrendered the defendant Bales to the executive officer of the city, and the city cannot now be heard to say that it let the defendant go, and yet would collect the bond.—*Ward v. Colquitt,* 62 Ga. 267; *Carter v. Arkansas,* 43 Ark. 132; *Shields v. Smith,* 78 Ind. 425; *Pattillo v. The State,* 9 Tex. App. 445; *Kellog v. The State,* 43 Miss. 47; *In re Bauer,* 112 Mo. 231; *State v. Mahon,* 3 Harrington 568; *Cain v. The State,* 55 Ala. 173; *Hawk v. The State,* 84 Ala. 466; *Beardon v. The State,* 89 Ala. 21; *Miller v. The State,* 158 Ala. 76; *Barron v. City of Anniston,* 157 Ala. 399; Sec. 1451 and 6743, Code 1907. On these authorities it is insisted that the court erroneously sustained demurrers to the pleas interposed by defendant, and that, therefore, the case should be reversed.

C. H. YOUNG, for appellee. Section 1217, Code 1907, provides the only method for appeals from convictions of city ordinances in municipal courts.—*City of Montgomery v. Belser,* 53 Ala. 373. The defendant having exercised the right, it could not be lost to him by one of his bondsmen surrendering him to the custody of the city.—*Talley v. The State,* 69 S. W. 514. The city could

not retake the appellant's principal after the appeal had been perfected, as it then lost all jurisdiction in the matter.—*Lehman-Durr & Co. v. Hudmon Bros.*, 79 Ala. 532; 2 Cyc. 931. Neither a justice nor a constable can accept a surrender of a defendant after he has perfected an appeal.—*Byrd v. Terrell*, 57 S. E. 777. The appellant is relegated to his common law remedy of surrendering to the court to which the appeal was taken.

PELHAM, J.—One Bales was tried and convicted in the recorder's court of the city of Anniston for the violation of a municipal ordinance of the city. From the judgment there rendered against him, he appealed to the city court of Anniston, executing the appeal bond required, jointly with the appellant, House, and another as his sureties.

Before the rendition of the conditional judgment against the defendant and his bondsmen for a forfeiture of the bond in the city court of Anniston, the defendant avers in his plea, he procured certified copies of the bonds, arrested Bales thereon, and delivered him over to the sheriff who accepted the principal (Bales) and afterwards discharged him. Thereafter, the plea further alleges, the appellant again arrested Bales and delivered him over to the chief of police of the city of Anniston, who received him, and later discharged him. These facts are set up by the appellant, as the defendant in the court below, in avoidance of the conditional judgment rendered against the principal and his bondsmen on the failure of the principal to appear as conditioned in said bonds.

Demurrers were sustained to these pleas by the trial court, and the appellant assigns as error here the ruling of the court on demurrers.

When Bales perfected his appeal bonds from the judgments rendered against him in the recorder's court

to the city court of Anniston, the jurisdiction of that court, and all of its officers over said causes, was as completely at an end as if it had never existed, and the cases were as entirely within the jurisdiction of the city court of Anniston, where the trials were to be had de novo, as if they had originated there. The judgment of the recorder's court was vacated by the appeal, and it was not within the power of the appellant to revive it by surrendering to the city the principal obligator, Bales, over whom the city authorities then had no jurisdiction, nor any right whatever to restrain of his liberty.—*Harsh, McLean & Hardison v. Heflin,* 76 Ala. 499; *Burns v. Howard,* 68 Ala. 352; *Abraham v. Alford,* 64 Ala. 281; *Guscott v. Roden & Co.,* 112 Ala. 632, 637, 21 South. 313. The pleas, therefore, averring delivery to the chief of police, or other city authorities, are clearly without merit.

It only remains, then, to inquire, on the other questions presented, whether the defendant exonerated himself from liability on the bonds when he delivered the principal, Bales, to the sheriff, as averred in the pleas to which demurrers were sustained. The offense for which Bales was convicted in the recorder's court was a violation of one of the municipal ordinances of the city of Anniston, and was not for the commission of a crime in the sense in which that word is used in connection with a violation of the criminal statutes of the state, and the statutory system of the state having reference to crimes committed against the state laws has no application. The undertaking, therefore, by which the appeal was perfected from the recorder's judgment for the violation of a munnicipal ordinance is not within that part of the statutory system of the state providing for appearance bonds on appeal in criminal cases. The bond entered into is no more than a civil contract, to

which the statutory provisions authorizing the surrender of principals in criminal cases do not apply.

The appellant was therefore remitted to the provisions of the common law for the method of exempting himself from liability as a surety on these bonds. The method that must be pursued under the common law consisted in surrendering the principal to the court to which the bond bound him to appear. The application of the principle is well illustrated in the case of *State v. Tieman*, 39 Iowa 474. In this case Tieman was surety on an appearance bond for one Corville. On default of Corville, the defendant under the conditional judgment, Tieman offered to prove in bar of judgment final against him that "defendant had Corville in his personal custody, and on the day for his appearance brought him into court and delivered him to the sheriff in the presence of the court; that defendant, among other spectators, was ordered to leave the courtroom while the examination was going on, leaving Corville, the prisoner, in charge of the court and the sheriff, he himself being turned out, and that he never saw Corville afterwards, he having escaped." The lower court refused to allow this proof in defense as an exoneration from liability of the bondsman, and in approving its action the Supreme Court said: "Again, the sheriff would have no authority to take or receive the defendant again into his custody, unless delivered to him in the manner pointed out in the statute, or unless delivered to him or placed in his custody in the presence of, and with the knowledge and sanction or by order of, the magistrate; for, the undertaking being duly executed and accepted, the defendant was entitled to freedom from arrest, except in a legal manner. In the offer made, it was not proposed to show that the magistrate ordered the sheriff to receive Corville into his custody

from the surety, or that he had any knowledge whatever that the surety had or intended to surrender him into the custody of the sheriff."—*State v. Tieman, supra.*

The statutes authorizing the arrest of the principal on a certified copy of the bond, and an exoneration of the surety upon such delivery of the principal to the sheriff, apply solely to those undertakings where the principal is bound to answer to *the State of Alabama on a charge of crime,* and have no application to those cases in which the principal obligator is bound to answer to a municipal corporation for a breach of one of its ordinances.

There is therefore no statute under which the defendant here could exonerate himself by a delivery of the principal to the sheriff. The sheriff was without authority to receive or detain him on such a surrender, and he could only have come lawfully into the possession of such principal by the appellant delivering the principal up to *the court* to which he was bound to appear. The pleas set up an illegal delivery, or a legally ineffective effort to deliver, and do not aver any sufficient or valid surrender. The demurrers to the pleas were properly sustained.

No error appears in the rulings of the trial court, and an order of affirmance will be entered.

Affirmed.