# State, *ex rel.* City of Birmingham *v.* Fort, Judge

## *Mandamus.*

(Decided February 9, 1915.   67 South. 734.)

*Mandamus; Forfeiture of Bond; Alias Writ.*—Where an appeal from a conviction for violation of a city ordinance in the recorder's court is taken to the criminal court, and an appeal bond is given, and forfeited for failure of defendant to appear, after final forfeiture entered such court has the power and authority to issue an alias or pluries writ to secure the presence of the defendant; hence, mandamus and procedendo will not be awarded to send the judgment back to the recorder's court for enforcement.

ORIGINAL petition in Court of Appeals.

The state on the relation of the city of Birmingham applies for a mandamus or a writ of procedendo to issue to Hon. William E. Fort, Judge of the Criminal Court of Jefferson county, to require him to return or certify back to the recorder's court for enforcement a judgment there rendered, from which the defendant appealed and forfeited his appeal bond by a failure to appear and answer the charges, on which a final forfeiture had been entered.   Writ denied.

ROMAINE BOYD and J. P. MUDD, for petitioner.   Mandamus is the proper remedy.—*Ex parte Waters,* 61 South. 904; *Ex parte Jonas,* 64 South. 960; 19 A. & E. Ency. Law, 753, and cases cited.   The city of Birmingham had no right of appeal from an order refusing to dismiss cases pending in the Jefferson Criminal Court on appeal from the recorder's court.—*Mabry v. Dickinson,* 31 Ala. 243; *Davis v. You,* 43 Ala. 691.   There is ample authority for granting the writ here sought.— *Henning v. Greenville,* 12 South. 559; *State v. Straughter,* 59 South. 884; *Henderson v. The State,* 8 South. 648; *Bush v. The State,* 6 South. 647; 12 Miss. 774.

[State, ex rel. City of Birmingham v. Fort, Judge.]

R. D. COFFMAN, for appellee. No brief reached the reporter.

PELHAM, P. J.—A municipal corporation, the city of Birmingham, seeks by mandamus proceedings to compel the judge of the criminal court of Jefferson county to dismiss a case pending on appeal in that court from a judgment of conviction rendered in the recorder's court of the municipality against a defendant charged with the violation of one of the ordinances of said city, and to order a procedendo to the recorder's court requiring that court to enforce the judgment there rendered, because the defendant had not prosecuted his appeal, but had made default and allowed a forfeiture to be taken against him and his bondsmen in the criminal court. The petitioner shows in its petition that one Ed York was tried and convicted in the recorder's court of the city of Birmingham, and perfected an appeal to the criminal court of Jefferson county; that he failed to appear and prosecute the appeal, and in consequence of this default a conditional forfeiture was taken against the defendant and his bondsmen, with the usual notice that unless the defendant appeared at the next term of the court it would be made final. The defendant appeared at the next term, offered no excuse why the forfeiture should not be made final, but consented that that course be taken. Whereupon, the forfeiture having been made final, the petitioner filed a motion in the criminal court asking that the case be dismissed out of that court and an order of procedendo be directed by the court to the recorder's court commanding it to enforce the judgment theretofore rendered by it, from which the defendant had perfected an appeal by giving an appeal bond under the statute providing for appeals from that court to the criminal court of Jefferson coun-

ty. The court refused to dismiss the appeal out of the criminal court and grant the order for a procedendo to the recorder's court, and the petitioner brings this mandamus proceeding to compel that action.

The right of appeal in such matters is purely statutory and regulated by the provisions of the statutes relating thereto.—*Brighton v. Miles,* 153 Ala. 673, 45 South. 160. Looking to the enactments germane to the proposition, it will be found that, in that compilation of laws embraced in chapter 32 of the Political Code of 1907 and commonly referred to as the Municipal Code, it is provided in article 14 that appeals of this kind from the recorder's court shall be tried de novo in the court to which the appeal is taken (Code, § 1217), and that if the defendant fails to appear, but makes default, the court shall enter up a judgment of forfeiture on the appeal bond against the defendant and his sureties "as is authorized or provided by law in criminal cases" (Code, § 1218). It is also provided by section 1451 that the rules of law regulating the trial of criminal cases appealed from justice of the peace courts shall govern on the trial of appeals from recorder's courts.

While the appeal bond or undertaking by which the judgment of the recorder's court was vacated and the appeal perfected was in the nature of a civil contract to which the statutory provisions of the criminal law authorizing the surrender of principals in criminal cases do not apply (*House v. Anniston,* 5 Ala. App. 357, 59 South. 686), the proceedings had upon a forfeiture being taken in case of default are specifically authorized to be the same in cases of appeal from recorder's courts as provided by law for forfeiture proceedings in criminal cases (Code, § 1218). To quote from a recent opinion of the Supreme Court: "In section 1218, it is provided that in case of default in appearing, on such appeal, for-

feiture on the bond shall be entered up 'as is authorized or provided by law in criminal cases,' which provision would be unnecessary if it were already a criminal case under the laws of the state."—*State ex rel. City of Birmingham v. Fort*, 164 Ala. 578, 581, 51 South. 317, 318.

The duty and authority of the court in entering up forfeiture proceedings in criminal proceedings aside from the inherent power reposed in all courts in such matters is clearly defined by statute (article 6 of the Criminal Code), and as the essence of all undertakings of bail in criminal cases at common law, as well as by statutory declaration in this state (Code, § 6354), is to obtain the presence of the defendant in court, we doubt not the inherent power, yea, the duty of the court in the exercise of its inherent power in a case where the defendant failed to appear and made default would require, not that it dismiss the case and enter an order to the court from which the defendant had appealed his case and thereby completely put to an end the further jurisdiction of that court over the case the same as if it had never existed (*House v. Anniston, supra,* and authorities there cited), but that the court retain jurisdiction and control over the case and order an alias or pluries writ for the arrest of the defendant after taking the forfeiture. Certainly, when the defendant was, as is shown to have been the case here, in the actual presence of the court, the court was clothed with the inherent authority to order his arrest after taking forfeiture against him. But, however that may be, the court is not thrown upon its inherent powers for its authority under the circumstances of such a condition, for there is a statutory provision authorizing the issuance of alias and pluries writs of arrest for defendants in criminal cases after any forfeiture taken, even without a formal order of the court.—Code, §§ 6284, 6287. See, also, sections

[State, ex rel. Wilder v. Smith, Judge.]

1451, 6744, and 6728, which, construed together, would also seem to authorize issuance of a writ of arrest in a case like this after forfeiture taken.

The cases cited by counsel stating rules applicable to the dismissal of appeals by a reviewing court where the trial is not de novo are not in point and have no application to the dismissal of cases by a trial court charged with the duty of trying the case de novo.

From what we have said, it follows that we are of the opinion that the issuance of the writ of mandamus is not authorized and will be denied.

Mandamus denied.