(75 South. 704)

**PURYEAR et al. v. STATE ex rel. WADE.**

(6 Div. 383.)

(Court of Appeals of Alabama. May 29, 1917.)

1. JURY ⊜23(1) — ORDINANCES—SUMMARY TRIAL—APPEAL FROM RECORDER'S COURT—APPEAL BOND—STATUTE.

Code 1907, § 1217, provides that in cases involving the validity of an ordinance tried before the recorder defendant may appeal to the circuit court by giving bond with sureties payable to the city, to be approved by the recorder or officer trying the case, but unless such bond shall be given within five days from the date of judgment, no appeal shall be allowed. *Held* that, as the right of appeal from a conviction in a municipal court for violation of an ordinance is statutory, and Const. 1901, § 11, does not guarantee the right of trial by jury in trials for such violations, the condition that a bond must be given in no way violates the constitutional right of one so convicted.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 152.]

2. MUNICIPAL CORPORATIONS ⊜642(1)—VIOLATION OF MUNICIPAL ORDINANCES—RIGHT OF APPEAL—STATUTES.

As Code 1907, § 1451, regarding appeals from judgments of conviction for a violation of municipal ordinances or by-laws by its express terms regulates the right of appeal only in the absence of other provisions therefor, it in no way conflicts with section 1217.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1412.]

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Petition by Lovelace Wade on the relation of the state of Alabama for mandamus to require W. C. Puryear as clerk, and J. T. Lowery as Recorder of the city of Birmingham to certify the case of the city of Birmingham v. Wade, to the Criminal Court of Jefferson county. From a decree granting the writ the municipal officers appeal. Reversed and rendered.

The case made by the petition is that within five days after his conviction petitioner filed in the recorder's court in writing his notice of appeal to the criminal court of Jefferson county, which court had jurisdiction of said appeals, and in writing, and as a part thereof a demand for a jury trial upon said appeal, and filed said papers with the clerk of the recorder's court, to wit, W. C. Puryear, then and there demanding of him that he cause the notice of appeal and said demand for a jury trial to be transferred and returned to said criminal court of said county, together with all the papers in the cause, and that he suspend further action under said sentence and judgment appealed from, and that he order said Wade transferred to the county jail to await the action of this honorable court on trial of said appeal; that said clerk failed and refused to transmit said notice of appeal with the said demand for jury trial, and all the other papers, and still fails and refuses to do so, although he has had ample time to comply with said request and

demand. Said clerk having failed to comply with said demand and notice of appeal in writing, your petitioner thereupon caused the matter to be brought to the attention of J. T. Lowery as recorder, notifying him of said appeal, and requesting him to direct the clerk to forward the notice, demand, transcript, papers, and records of said judgment in the recorder's court to the criminal court of Jefferson county for trial on appeal, and to treat as suspended on appeal the said judgment of conviction of your petitioner, and to order said Lovelace Wade, then detained by the city of Birmingham, to be transferred to the county jail to await trial on said appeal, which said recorder refused to do and continues to refuse to do, maintaining that petitioner had lost his right to appeal and trial by jury because of a failure to file an appeal bond within five days after judgment and conviction, with the names of two good and sufficient sureties, etc. Certain facts not necessary to be here set out are stated as reasons why petitioner could not make bond, and petitioner avers that under the Constitution and laws of the state of Alabama he has the right and is entitled to a trial by jury, since the offense of which he is charged, if true, involved the moral turpitude, and was a crime at common law and against the laws of the state of Alabama, and that said petitioner has a right to a jury trial by law, notwithstanding he was not able to make a bond. It is further alleged there is no provision for demanding a trial by jury in the recorder's court, and his only means of securing a trial by jury was to appeal from the action of the recorder's court, coupling that appeal with a demand for a jury trial, which he did.

M. M. Ullman and W. H. Sadler, Jr., both of Birmingham, for appellants. Beddow & Oberdorfer, of Birmingham, for appellee.

BROWN, P. J. [1] The appellee was convicted in the recorder's court of the Ensley division, city of Birmingham, for a violation of a municipal ordinance, and demanded that he be granted an appeal without bond. On the refusal of the clerk of the recorder's court to certify the appeal and proceedings to the criminal court and the refusal of the recorder to so order, he applied to the criminal court for a writ of mandamus to compel the certification of the appeal. On hearing in the criminal court, after overruling a demurrer to the petition interposed by appellants, a peremptory writ was awarded, and from the judgment awarding this writ, this appeal is prosecuted. Code 1907, § 1217, governs the right of appeal in such cases. It provides:

"In any case involving the validity of an ordinance of the city, tried before the recorder, the council may take an appeal, without bond, to the circuit court or court of like jurisdiction; and, in any case the defendant may take an appeal to

such court by giving bond with good and sufficient sureties, payable to the city, to be approved by the recorder or officer trying the case, conditioned to be void if the defendant appears from term to term of said court, until discharged by law, to answer said charge, but unless such bond be given within five days from the date of the judgment no appeal shall be allowed from such judgment," etc.

The right of appeal from a conviction in a municipal court for a violation of an ordinance or by-law is the creature of statute (Town of Brighton v. Miles, 153 Ala. 673, 45 South. 160; State ex rel. Birmingham v. Fort, Judge, 12 Ala. App. 632, 67 South. 734); and it is conceded by counsel for appellee and well settled that the Constitution (Const. 1901, § 11) does not guarantee the right of trial by jury in trials for such violations. Costello v. Feagin, 162 Ala. 191, 50 South. 134; State ex rel. v. Fort, 164 Ala. 578, 51 South. 317. So the condition that a bond must be given in no way impinges the constitutional right of one so convicted. Brighton v. Miles, supra; Ex parte Reese, 112 Ala. 63, 21 South. 56.

[2] But appellee contends that sections 1217 and 1451 of the Code must be construed together, and, when so construed, that a person so convicted, if he elects to remain in custody, may appeal without bond. Section 1451 has no application if appeals are otherwise provided for. This section was a part of our system of laws before the adoption of the Code of 1907, appearing as section 2969 of the Code of 1896, and its design was to provide for and regulate the right of appeal from convictions for municipal offenses in the absence of other provision for such appeals, and in no way conflicts with section 1217.

The demurrer to the petition for mandamus should have been sustained, and the judgment of the criminal court will be reversed and a judgment here rendered, sustaining the demurrer, denying the writ and dismissing the petition.

Reversed and rendered.