(108 So. 267)

**ALABAMA CITY v. ALLEN.   (7 Div. 205.)**

(Court of Appeals of Alabama.   April 6, 1926.)

**1. Municipal corporations ⬦⟿642(2).**

City may not appeal from judgment discharging one accused of violating city ordinance, in absence of statute providing therefor.

**2. Municipal corporations ⬦⟿642(2)—City held not entitled to appeal from judgment, discharging one accused of violating ordinance, because complaint did not state cause of action (Code 1923, § 1943).**

City is not entitled to appeal under Code 1923, § 1943, from judgment dismissing prose-

cution for violating traffic ordinance because complaint did not state cause of action, where validity of ordinance is not questioned.

3. **Automobiles ⬡ 351—Complaint held not to charge violation of ordinance prohibiting driving at greater speed than 18 miles per hour at or across street intersections.**

Complaint, charging driving at greater rate of speed than 18 miles per hour, *held* not to show violation of ordinance prohibiting driving at greater rate of speed than 18 miles per hour at, across, or on any street intersection.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Prosecution by the City of Alabama City against G. C. Allen, Jr. From a judgment of acquittal, the plaintiff appeals. Appeal dismissed.

These grounds of demurrer were interposed to count 2 of the complaint:

(4) It fails to inform defendant what he is called upon to defend against.

(5) It fails to state a cause of action.

(6) It is too vague and uncertain as to the charge made against defendant.

(7) It fails to show a violation of said ordinance.

(8) It fails to show that the speed at which defendant was driving was greater than is reasonable, having regard to the width, traffic, and use of the street, or so as to endanger property, or the life or limb, of any person.

(9) It fails to show that defendant operated said automobile at an unreasonable speed having regard to the width, traffic, and use of the highway upon which he was driving.

(10) Said ordinance shows on its face that it has not been violated by the act charged in said count of the complaint.

Roy D. McCord, of Gadsden, for appellant.

The appeal involves the validity of the ordinance, and is authorized in this case. Code 1923, § 1943. It was error to sustain demurrer to the complaint. Code 1923, § 2057; Wiggs v. State, 59 So. 516, 5 Ala. App. 189.

Dortch, Allen & Dortch, of Gadsden, for appellee.

A municipality cannot appeal from a judgment discharging a defendant, charged with violation of an ordinance. The record does not disclose that the ordinance in question was held invalid. Code 1923, § 1943; Town of Brighton v. Miles, 45 So. 160, 153 Ala. 673; City of Bessemer v. Smith, 46 So. 467, 155 Ala. 157; City of Birmingham v. Ridgeway, 51 So. 303, 164 Ala. 598.

SAMFORD, J. This is a prosecution for the violation of one of the speed provisions of an ordinance of Alabama City regulating the operation of motor vehicles in said city.

There was judgment in the court below discharging the defendant on the evidence, and the city undertakes to prosecute this appeal. The only assignment of error is to the ruling of the court sustaining a demurrer to count 2 of the complaint filed by the city in the circuit court.

The ordinance in question contains many separate regulations and offenses. The provisions as to speed are set forth in section 4 of the ordinance. It will be seen that this section contains four distinct offenses relative to speed, which may be summarized as follows:

(1) Driving at a greater rate of speed than is reasonable having regard to the width, traffic, and use of the highway, or so as to endanger property, life, or limb of any person.

(2) Driving at a greater rate of speed than 18 miles per hour at, across, or on any street intersection.

(3) Driving at a greater rate of speed than 10 miles per hour along Kyle avenue between Third street and Eighth street.

(4) Driving at such a rate of speed as to be unable to prevent running over or into or striking any person or vehicle, anywhere in the city.

Count 2 of the complaint to which a demurrer was sustained undertook to state a violation of the second provision above set out; that is, driving at a greater rate of speed than 18 miles per hour at, across, or on any street intersection. The count charges such violation in the following language:

"Said defendant, G. C. Allen, Jr., did violate said ordinance No. 194 by running at a greater rate of speed than 18 miles per hour."

Said count 2 of the complaint was demurred to by the defendant on the ground that it failed to show a violation of the ordinance in question. Pertinent grounds of the demurrer appear in the statement of the case. The validity of the ordinance was not assailed by any ground of demurrer, and the record fails to disclose anything to show that the ordinance in question was declared void in whole or in part.

[1] It is well-settled law in Alabama that, in the absence of a statute giving the right of an appeal to a municipality in prosecutions for violation of its ordinances, no appeal will lie from a judgment of the lower court discharging a defendant in such a prosecution. Town of Brighton v. Miles, 45 So. 160, 153 Ala. 673; City of Bessemer, 46 So. 467, 155 Ala. 157; City of Birmingham v. Ridgeway, 51 So. 303, 164 Ala. 598.

[2] The statute, section 1943 of Code of 1923, provides that a city may appeal in a case involving the validity of an ordinance. The appellant undertakes to appeal in the present case under this statute. The record nowhere shows or indicates that the lower court held the ordinance in question invalid

in whole or in part. The court merely sustained a demurrer to count two of the complaint, and trial was had on the remaining count, No. 3, and the defendant was discharged on the evidence. It will be seen from reading the grounds of demurrer that the validity of the ordinance is not questioned at all. The demurrer merely questioned the sufficiency of count 2 on the ground that it failed to show a violation of the ordinance. It is therefore clear that this appeal will not lie, and that it should be dismissed by the court.

[3] Besides, it is clear that the lower court correctly sustained the demurrer to count 2 of the complaint. It will be seen that this count undertakes to show a violation of the ordinance in driving at a greater rate of speed than 18 miles per hour at, across, or on any street intersection. The charge, however, falls far short of showing such a violation. It merely charges that defendant violated the ordinance by running at a greater rate of speed than 18 miles per hour and stops there. It does not show that such running was "at, across, or on any street intersection." This omission vitiated the count as a charge of a breach of this provision of the ordinance. No other provision was attempted to be relied on in said count. Taking the count against the pleader, the running was between street intersections, which would be no violation of this provision of the ordinance. It is clear therefore that the court correctly ruled in sustaining demurrer to said count of the complaint. The case should therefore be affirmed.

This court is without jurisdiction of this appeal, and the appeal is therefore dismissed.

Dismissed.