### EX PARTE. MAHALA CALDWELL.

1. APPEAL. *From justice's to circuit court. Conviction of misdemeanor. Dismissal. Certificate:*

An appeal to the circuit court, as provided in § 2355 of the Code of 1880, by one who has been convicted of a misdemeanor before a justice of the peace, supersedes (under § 2356, Code 1880), but does not vacate, the judgment of conviction in the justice's court; and if such appeal be dismissed for want of prosecution, as may be done, that fact should be certified to the justice of the peace, who should then enforce his judgment.

2. SAME. *Certificate of dismissal. Procedendo.*

The fact that such certificate of dismissal is ordered to issue, and does issue, as a *procedendo* does not affect its efficiency.

APPEAL from the decision of Hon. J. B. Chrisman, Judge of the Tenth Judicial District, on *habeas corpus.*

On the 10th of February, 1884, Mahala Caldwell was, by a justice of the peace of Lincoln County, convicted of petit larceny and sentenced to imprisonment in the county jail for ten days. She appealed to the June term, 1884, of the circuit court, giving a bond for her appearance and for costs, which was approved by the justice. At the January term, 1885, of the circuit court, the district attorney moved the court " to dismiss this appeal for the failure of the defendant to prosecute the appeal, and for a writ of *procedendo* to the justice's court." The motion was sustained and the writ ordered to be issued.

Thereupon the justice of the peace issued a writ directing the sheriff and jailer of the county to take Mahala Caldwell into his custody, " and to keep and hold her for the period of ten days, and

until the costs of the prosecution be paid." She was accordingly taken into custody. Whereupon she sued out the writ of *habeas corpus* herein and asked to be relieved of her confinement, on the ground that the judgment of the circuit court operated as a dismissal of the prosecution against her, and hence the writ under which she was held in custody was issued by the justice without authority of law. Her application was heard on the 27th of February, 1885, and the judge remanded her to the custody of the sheriff. She then appealed to this court.

*Sessions & Cassedy*, for the appellant.

The only question involved is as to the validity of the judgment of the circuit court awarding the writ of *procedendo*. If the appeal, which was in all respects regular, ousted the jurisdiction of the justice of the peace, it could not be restored by the issuance of a writ of *procedendo* unless in pursuance of some statute, and there is none on the subject.

The State had an undoubted right to dismiss the prosecution as it might any criminal cause originating in the circuit court, but the circuit court possessed no power to direct the issuance of execution from another court. Section 2355, Code 1880.

Section 2355 should be construed in connection with § 3075, which authorizes the trial to progress in all cases less than felony in the absence of the prisoner. So construed, the trial might be had in the absence of the defendant even in appeal cases, and a forfeiture on the bond had as in other cases.

The writ of *procedendo* was inappropriate. It lies only where there has been a neglect or refusal of justice by an inferior court, and is intended to compel such court or judge to *proceed to judgment*. *McGilvery* v. *Jackson*, 4 How. 245.

*T. S. Ford*, Attorney General, for the State.

By reference to Code of 1880, § 2356, the court will observe that the appeal-bond provided for in § 2356 of the code is simply a *supersedeas*. If the appellant does not choose to give the *supersedeas* bond, he is still authorized to have the original papers sent up to the appellate court and his appeal tried there; but, notwithstanding that the original affidavit and papers upon which his

sentence and judgment are founded are in the circuit court, the justice is still authorized to issue the final process for the execution of the sentence.

The mere appeal does not then oust the lower court of jurisdiction. Upon the judgment entered upon his docket the justice is authorized to issue final process for the enforcement of his sentence.

The appeal having been waived by the defendant and the waiver in effect consented to by the State and judgment entered dismissing the appeal, the bond was no longer a *supersedeas,* and there stands now a valid conviction by a court of competent jurisdiction against appellant and a legal sentence which is unexecuted.

Where the authority of justices of the peace is suspended by writ of *supersedeas* their power may be restored by a writ of *procedendo.* H. P. C. 162 ; 12 Ass. 21 ; Regist. 124, cited from 3 Tomlin's Law Dict. 232.

CAMPBELL, J., delivered the opinion of the court.

By her appeal to the circuit court from the judgment of the justice of the peace convicting the appellant, the judgment of the justice was superseded, but it was not vacated. It remained in force, liable to be merged in the judgment of the circuit court when rendered in the trial of the case anew by that court on the appeal. It was allowable for the circuit court to treat the failure of the appellant to appear for trial anew as an abandonment of her appeal, and to dismiss the appeal or to enter a forfeiture against her and her sureties. It was no wrong to her to dismiss her appeal upon her failure to prosecute it; and upon such dismissal it was proper to certify the fact to the justice of the peace who had rendered the judgment appealed from, and for him to enforce the judgment still in force and no longer superseded.

*Affirmed.*