## B. E. Durden v. State.

[59 South. 844.]

1. CRIMINAL LAW. *Appeal. Dismissal. Reinstatement.*

Where a defendant appealed to the circuit court from a conviction in a justice of the peace court and gave an appeal bond providing that he should appear at the next term of the circuit court, and from day to day and term to term, until discharged by law, and upon the case being called in the circuit court for trial the defendant failed to appear and answer the charge against him as required by law, the court had the right to dismiss the appeal, and take all necessary action in the case.

.2. Same.

> There is no fixed rule governing the matter of reinstating a case, where dismissal has been ordered because of the failure of defendant to appear and answer the charge against him as required in his appeal bond, each case is addressed to the sound discretion of the trial judge.

Appeal from the circuit court of Jackson county.

Hon. T. H. Barrett, Judge.

B. E. Durden was convicted in a justice of the peace court, appealed to the circuit court, which dismissed his appeal for failure to appear when his case was called for trial. From this judgment of dismissal he appeals.

The facts are fully stated in the opinion of the court.

*Denny & Denny,* for appellant.

The appeal from the justice court was had by virtue of section 87, Code 1906. It is there provided, among other things, that such appeal "shall be tried anew and disposed of as other cases pending therein; and on default of such defendant a forfeiture shall be entered against him and his sureties."

The rights of the appellant, and of the state, when such appeal was prosecuted, were fixed by the statute under which same was had as aforesaid. If the appellant had been indicted by the grand jury and had failed to respond when called, then a forfeiture of bail bond would have been entered and the indictment would not have been dismissed, but would have been retained on the docket and the case tried when the defendant therein appeared or was brought into court by proper process. To have proceeded in appellant's case "as in other (criminal) cases pending therein" the court should have entered the forfeiture and directed issuance of *alias capias* and was without authority to dismiss such appeal and thereby deprive appellant of his vested right.

By the appeal from the justice court the affidavit against appellant became of the same nature as an in-

dictment by the grand jury and could only be disposed of in the same manner, except that the appellant here had failed to perfect such an appeal and had not exercised his right. Appellant could have withdrawn his appeal but it was wholly without the power of the circuit court to deprive him of his right thereof.

Section 87 of the Code provides the procedure by the circuit court in event of default by defendant and that is, "on default of such defendant a foreiture shall be entered against him and his sureties." Such provision limits the powers of the circuit court in such matters and such court cannot, by its attempted legislation, enlarge the powers given it by law.

It has been held in several cases decided by this court, viz.: *Ex parte Mahala Caldwell,* 62 Miss. 774; *Bush* v. *State,* 6 So. 647; *Thomas* v. *State,* 68 Miss. 91, 8 So. 647; *Henning* v. *Breenville,* 69 Miss. 214, 12 So. 559; *Henderson* v. *State,* 8 So. 649, that the circuit court may dismiss an appeal where the defendant fails to appear and prosecute his appeal, thereby indicating an abandonment of the appeal. In the case at bar, as shown by the facts stated in the affidavit, which are not controverted by the state, the defendant did appear and endeavor to prosecute his appeal. Quite true that he was not in the courtroom when the court was merely sounding the docket and we submit that such was not required of him. He was required to be present when the case was called for trial.

It is well settled that the dismissal of the appeal could only be accomplished by the defendant, either by an affirmative act of his in requesting or directing the dismissal, or by conduct indicating an abandonment of the appeal, all of which is entirely lacking in this case. On the contrary the appellant, by his affidavit, shows that he, in his ignorant manner but to the best of his ability, was earnestly striving to have and enjoy the full and complete benefit of his appeal.

*Claude Clayton,* assistant attorney-general, for the state.

Counsel in his brief admits that the action of the court was, from a technical standpoint, correct. I submit that there are no technicalities known to the law. It is either according to law, or it is contrary thereto. Many learned law writers have exercised their minds upon this particular point, and it seems to me that the logical conclusion to be reached in regard to this subject is, that there are no technicalities known to the law. In other words, the action of the court in dismissing the appeal had by appellant, and ordering a writ of *procedendo* to the justice of the peace who originally tried the case was either lawful, or unlawful. It is true that appellant had appealed to the circuit court to have his case tried *de novo,* but his appeal was had on condition that he enter into an appeal bond, which bond must, of necessity, be conditioned according to law. The condition of this bond, which is a material and substantial part of the appeal, was that appellant would appear at the next term of the circuit court of Jackson county, and from day to day and term to term until discharged by law. A failure upon his part to comply with the terms and condit   /s of this bond, gave to the court the right to act in  /c- cordance with the law governing such subject. Th  ₊, I submit, was done by the court. Therefore, I see no rea- son why the action of the court should be set aside and that a new trial be awarded to appellant.

REED, J., delivered the opinion of the court.

The appellant was convicted in a justice of the peace court of the unlawful sale of intoxicating liquor. He appealed to the circuit court, but he was not present when his case was called on the docket, and made no answer in person or by attorney. The court dismissed his appeal, and ordered that a writ of *procedendo* issue. The appellant, by attorney, moved the court to set aside the

order of dismissal, and with the motion filed an affidavit, in which he stated that he had no knowledge of the requirements of the law relative to his attendance upon court, and that his absence was due to his ignorance in such matters. He claimed to have been in another part of the court house, and also that his case "was sounded on the docket and was not called for trial."

The appeal bond executed by the appellant required him to appear at the next term of the circuit court, and from day to day and term to term, until discharged by law. The case was on the circuit court docket for trial. When it was called, and the appellant failed to appear and answer the charge against him, as required by law, the court had the right to dismiss the appeal, and take all other necessary action in the case. There is no fixed rule governing the matter of reinstating a case, where dismissal has been ordered because of the failure of appellant to appear and answer the charge against him, as required in his appeal bond. Each case arising must be addressed to the sound judgment of the trial judge, in the exercise of his discretion.

From all appearing in the record in the instant case, it cannot be said that the judge of the court abused proper discretion. It is certainly the purpose of the law that every person charged with a violation of the criminal law should be present in court, ready to personally respond whenever his case is called for hearing.

*Affirmed.*