BRUCE BUTLER *v.* STATE.

[59 South. 845.]

1. PETIT JURY. *Instructions. By court. Impanelment.*

The statute authorizes and requires judges of the circuit court to charge grand juries, but there is no law which authorizes the judge to lecture petit juries and circuit judges should be extremely careful about making speeches to petit jurors.

2. SAME.

Unauthorized generalization of the judge about enforcing the law, spoken to jurors at some time other than at the trial of the complaining party will not require the panel to be quashed, nor justify the reversal of a case.

APPEAL from the circuit court of Lauderdale county.
HON. J. L. BUCKLEY, Judge.
Bruce Butler was convicted of an offense and appeals. The facts are fully stated in the opinion of the court.

*Cochran & McCants,* for appellant.

The learned judge in his great zeal for an abundant week's catch was no doubt moved by the highest motives. He undertook to put his spirit into the juries before they commenced their labors. In order to accomplish his purpose, he delivered them a special charge, a remedy or proceeding, or whatever it may be called, wholly unauthorized by the law and to the last degree subversive of an orderly, impartial administration of criminal justice.

The rights of every individual accused of crime should be scrupulously guarded and free from any invasion from any source. It is, of course, of great importance that every guilty man should be brought to justice; but it is of far greater and more vital importance than all, whether guilty or innocent, should receive a fair trial. This is the only protection afforded the innocent who un-

fortunately may be accused of crime. The deliberations of the juries, both grand and petit, must be preserved inviolate from all outside influences, no matter from what source they emanate. *Fuller* v. *State,* 85 Miss. 199.

An act, a sentence, or a word from the presiding judge may exert a controlling influence on the verdict. *Banes et al.* v. *Pearson,* 33 N. E. Rep. p. 976.

The statute (sec. 793) prohibits a judge from instructing the jury orally. *Bangs* v. *State,* 61 Miss. 363; *Johnson* v. *State,* 78 Miss. p. 300.

A remark made by the presiding judge in the hearing of the jury will have precisely the same effect as if given as a formal instruction. *State* v. *Stovall,* 60 Iowa, 535; *Menthon* v. *Lewis,* 78 Iowa, 620; *Sullivan* v. *People,* 31 Mich. 1; *People* v. *Bonds,* 1 Nev. 33.

In *Greene* v. *State.* 53 So. 415, this court said: "Has the appellant had a trial by an impartial jury, guaranteed to him by the twenty-sixth section of the Constitution? In *Lamar* v. *State,* 64 Miss. p. 687, 2 So. 12, Judge Campbell, delivering the opinion of the court, used this language: 'The legal theory of a trial by a jury is the selection of an impartial body from the country, and its trial of the case free from any influence except that produced by the testimony and law and legitimate argument, and any subjection of the jury to any other influence is carefully guarded against. Twelve men must concur in preferring a charge of felony before one can be held to answer, and twelve men elected, impaneled and sworn to try the issue joined must concur in a verdict of guilty before the humblest can by our law be deprived of his liberty; and such is the jealousy with which trial by jury is guarded that, when it is made to appear that anything has occurred which may have improperly influenced the action of the jury, the accused will be granted a new trial, although he may appear to be ever so guilty, because it may be said that his guilt has not been ascertained in the manner prescribed by law and every one is to be judged by the law.'

It is a matter of common knowledge that jurors, as well as officers in attendance upon court are very susceptible to the influence of the judge. The sheriff and his deputies, as a rule, are anxious to do his bidding; and jurors watch closely his conduct, and give attention to his language, that they may, if possible, ascertain his leaning to one side or the other, which, if known, often largely influences their verdict. He cannot be too careful and guarded in language and conduct in the presence of the jury, to avoid prejudice to either party. 21 Ency. P. & P., 994, 995 and notes. The court will not stop to inquire whether the jury was actually influenced by the conduct of the judge. All the authorities hold that if they were exposed to improper influences, which might have produced the verdict, the presumption of the law is against its purity; and testimony will not be heard to rebut this presumption. It is a conclusive presumption."

This court in *Collins* v. *State,* 95 Miss. p. 47, a case where the facts are more directly in point than the Green case, reiterated what it said in the Green case.

We respectfully submit that it cannot be seriously contended that appellant had a fair trial within the meaning of the law; and that the case ought to be reversed and appellant granted a new trial.

*Claude Clayton,* assistant attorney-general, for the state.

The disposition of this case will hinge entirely upon the action of the court in overruling the motion to quash the panels for the third week of the circuit court of Lauderdale county, and in overruling the motion for a new trial. The whole question resolves itself upon the action of the court in the remarks that were employed by him when the jury were empaneled for the week. His remarks are set forth in the motion of counsel for appellant to quash the panels, and also to grant him a new trial.

102 Miss.—37

It will be observed from the record that the remarks of the judge were made at the beginning of the third week, when he was empaneling the petit juries to serve for that time. It is also disclosed by the record that when the case against appellant was called for trial, that the court of its own volition polled the petit jurors separately, and asked each man whether or not he had any bias or feeling in the matter, and whether or not he was willing to go into the jury box and try the case on his oath according to the law and the testimony, to which questions asked by the court, each juror answered that he had no interest in the verdict to be rendered, save that which would conform to the oath taken by him, and as the testimony introduced upon the trial of the case, and the law would direct his mind.

Were the remarks of the trial judge prejudicial to appellant?

This case is identical in its disposition with the case of *John Cook* v. *State,* No. 15870, now pending in this court. The case was tried by the same judge, at the same term of court, and the same week of the term, and the same language was objected to by counsel for appellant in the *Cook case, supra,* as in this case. Therefore, I respectfully refer the court to the brief in the case of *Cook* v. *State,* No. 15870, and to the authorities cited therein.

In addition to the authorities relied upon in the *Cook case, supra,* I rely upon this proposition, that admitting for the sake of argument that the remarks used by the trial judge were in fact prejudicial to appellant, and did in fact exert an undue influence over the minds of the jury, yet, it devolves upon appellant to show to the court by affidavit of the jurors themselves, that the remarks of the court did influence them in the rendition of their judgment. That proposition has never been passed upon by our supreme court, but it has by the Texas Criminal Court of Appeals, in the following cases:

In the case of *Furlough* v. *State,* reported in 51 S. W., 938, it was held that in order for an appellant to avail himself of the error of the court below in making improper remarks, it devolves upon him to show by affidavits of the jurors that the remarks in question were in fact influential with them in considering the case, and rendering their verdict.

The case of *Murphey* v. *State,* 51 S. W., 940, decides the same proposition. Also, *Holt* v. *State,* 51 S. W. 907, decides so admitting for the sake of argument that the remarks of the trial judge were prejudicial to the rights of appellant, yet the rule was announced in the three cases above, if correct, would of necessity dispose of appellant's contention.

Cook, J., delivered the opinion of the court.

The principal cause for a reversal, assigned by appellant, is the language employed by the trial judge at the time the petit juries for the week were impaneled. We quote the judge's words, viz.: "It is my desire to make this term of the court a business term, and I can accomplish nothing without the co-operation of the people. The people have been co-operating with the court the last two weeks, and the last term was one of the most successful in the history of the county, and so far the present term has been very successful in enforcing the law. It is my purpose to make the court self-sustaining; and during the past several terms, with one exception, the courts of Clarke, Wayne, and Green counteis have overpaid the expenses, and turned a few hundred dollars back into the treasury. Why not Lauderdale county? Neither I nor the officers can accomplish results without the co-operation of the people."

This appellant construes to mean that the judge advised juries to convict persons charged with crime, for the purpose of raising revenue for the county, and insists here that the verdict of the jury, composed of the

regular panel for the week, was or may have been influenced by the desire of the jury to follow the policy outlined by the judge. A motion was made to quash the panels, and overruled by the court. The verdict of the jury was warranted by the evidence in this case, and we think there is no error of law in the record.

The statute authorizes and requires judges of the circuit court to charge grand juries, but we know of no law which authorizes the judge to lecture petit juries. The court is not authorized to instruct petit juries concerning the law of the case which they are impaneled to try, unless he is requested to do so in writing by one of the parties to the suit. This is the policy of the law of this state; and this being true, circuit judges should be extremely careful about making speeches to petit juries. This is the province of the bar, and quite enough is said by the lawyers.

The judge's remarks were made at the beginning of the term, and not at the trial of this case; and while we think the judge exceeded his powers, we do not think he erred in refusing to quash the panel. We do not think that unauthorized generalizations of the judge about the enforcement of the law, spoken to jurors at some other time than at the trial of the complaining party, can justify a reversal of the case.

*Affirmed.*