# Moore v. City of Birmingham.

## Habeas Corpus.

(Decided February 11, 1915.   Rehearing denied April 13, 1915.
68 South. 540.)

*Habeas Corpus; Rearrest; Forfeiture of Appeal Bond from
Recorder's Court.*—Construing sections 1218, 1451, 6287, 6728, and
6744, Code 1907, it is held that the circuit court, or courts of like
jurisdiction, may award a writ of arrest for one appealing thereto
from a conviction in the recorder's court for violation of the city
ordinance, after forfeiture of his appeal bond, and the entry of for-
feiture against him and his bondsmen; and that such a defendant
was not entitled to habeas corpus for his discharge from such re-
arrest.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

M. L. Moore was convicted of violating an ordinance
of the city of Birmingham and appealed to the crimi-
nal court of Jefferson county, and it forfeited his bond
for non-appearance, and then issued a warrant for his
arrest, and he petitions by habeas corpus for his dis-
charge. From a judgment denying the petition, he ap-
peals. Affirmed.

ERLE PETTUS, for appellant. Habeas corpus is the proper remedy to test the validity of the imprisonment.—*Ex parte Reynolds,* 87 Ala. 138; Sections 7007 and 7033, Code 1907. The prosecution for the violation of a municipal ordinance is not criminal, but only quasi criminal.—*McKinstry v. Tuscaloosa,* 172 Ala. 344. Section 4151 of the Code is without application to this situation.—*Reids v. Greene,* 156 Ala. 640. The adoption of the municipal code repealed all laws general and special inconsistent with it, or in conflict with it.—36 Cyc. 1077-80; *Fulton v. The State,* 171 Ala. 582; *Prowell v. The State, ex rel. Hasty,* 142 Ala. 87. The undertaking of bail in appeals from convictions for the violation of ordinances is no more than a civil contract and the provisions applicable in criminal cases have no application thereto.—*House v. City of Anniston,* 5 Ala. App. 357.

ROMAINE BOYD and J. P. MUDD, for appellee. The criminal court of Jefferson county had full power and authority to issue the alious warrant or capias for the arrest of the defendant under the circumstances in this case.—12 Cyc. 343, 9 Peters 707; 105 Pac. 367; 163 Fed. 76. The circuit court or court of like jurisdiction has this same authority by virtue of our statutory system. —Sections 1218, 1451, 6287, 6728 and 6744, Code 1907.

PELHAM, P. J.—The question presented on this appeal is whether a defendant convicted in the recorder's court of the municipality of the city of Birmingham for violating a municipal ordinance who takes an appeal to the criminal court of Jefferson county, and perfects his appeal by making a bond, and then makes default and fails to appear in the criminal court, can, after his bond has been forfeited, be arrested on a writ of arrest issued

[Moore v. City of Birmingham.]

out of the said criminal court to which the appeal was taken.

The facts presented by the petition in the habeas corpus proceedings before us on the record in this case show that the appellant was convicted in the recorder's court of the city of Birmingham for the violation of an ordinance of that municipality, and that from this judgment of conviction he took an appeal, as provided by statute, to the criminal court of Jefferson county and gave bond for his appearance in that court. In the due course of regular proceedings, the case came on for trial in the criminal court, where it had been taken by the appeal of the petitioner, the defendant in the recorder's court, and appellant here. The appellant did not appear in the criminal court, but made default, whereupon a forfeiture was entered against him and his bondsmen on the appeal bond, and a writ of arrest was issued out of the criminal court for the appellant.

A proper analysis and consideration of what we said in the recent case of *State ex rel. City of Birmingham v. W. E. Fort, Judge, etc.*, 67 South. 734, applicable to the question presented by the record in this case, practically disposes of it adversely to the contention of the appellant.

Section 1218 of the Code of 1907 provides for the tribunal to which the case has been appealed from the recorder's court entering forfeiture against the defendant and bondsmen on the appeal bond, as is authorized and provided by law to be done in criminal cases. It is authorized and provided by law in proceedings of that nature in criminal cases that after any forfeiture is taken, another writ of arrest may be issued.—Code 1907, § 6287.

Sections 1451, 6744, and 6728 of the Code of 1907, when considered in the order in which we have cited

them, would also be sufficient authority for the issuance of such a writ.

The judgment appealed from refusing the petition of the appellant is affirmed.

Affirmed.