COLLEY *v.* STATE.

Opinion delivered April 26, 1920.

CRIMINAL LAW—DENIAL OF MOTION TO REINSTATE APPEAL.—A motion to reinstate an appeal to the circuit court, dismissed for want of prosecution, was properly denied where it appeared that neither appellant nor his counsel used proper diligence.

Appeal from Sebastian Circuit Court, Greenwood District; *John Brizzolara,* Judge; affirmed.

*Geo. W. Johnson,* for appellant.

The court erred in refusing to reinstate the cause in order to try it on its merits. The excuse of sickness of his only attorney and the delay of an hour or two on account thereof, was a good and legal one, and the court abused its discretion in refusing to reinstate the appeal. Due diligence was shown. 59 Ark. 162; 85 *Id.* 385; 128 *Id.* 269; 80 *Id.* 510.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

The record sustains the findings of the court in refusing the motion to reinstate the appeal. No abuse of discretion is shown.

SMITH, J. Appellant was tried before a justice of the peace upon a charge of malicious mischief, and was fined. He prosecuted an appeal to the circuit court, and the cause was set for trial by consent on Monday, January 12. Upon the call of the case for trial appellant failed to appear, whereupon the court dismissed his appeal. At 10:30 on the same morning appellant appeared in court and announced ready for trial, and filed a motion to reinstate his appeal. The court heard testimony on the motion, and made the following finding of fact: "That Graff Colley and J. W. Black, his attorney, knew that the case of *State* v. *Graff Colley* was set for January 12, 1920, at 8:30 a. m. That J. W. Black was injured on January 7, 1920. That he was down to his office and around Huntington on several occasions between this time and Monday, January 12, 1920. That Greenwood, the place where his case was pending, could be reached by long distance telephone. That he made business trips to Mansfield, Arkansas. That he made no effort to notify his client or the court of his disability, if any. That Graff Colley failed to use due diligence to appear or notify the court of the condition of his lawyer. That he could have phoned in time to have prevented default against him. That, if he had used due diligence in keeping in touch with his case and his attorney, he could have been able to have

secured other counsel. That Graff Colley did not appear at the courthouse in Greenwood until about 10:30 a. m.''

Upon this finding of fact the court made the following declaration of law: ''That Graff Colley was not prevented by unavoidable casualty or accident from appearing in this court. That he did not use due diligence to prevent the forfeiture.''

Black testified that he was struck by lightning on January 7, and that he was rendered unconscious and remained so for a period of forty minutes, and that he bled from his mouth and nose. He admitted that he had recovered from this attack; but he testified that on Friday before the day of trial he was picked up on the road between Huntington and his home in a nearly paralyzed condition. He attributed that condition to the fact that he had taken too much medicine. A man who saw Black lying in the road stated that he thought Black was drunk, although he saw no whiskey and was not accustomed to see drunken men. Another man, who assisted Black home, testified that he didn't know whether Black was drunk or sober, that he did not smell whiskey or see a bottle. On Saturday following this last attack Black was at his law office in Huntington, and he was at his office again on Monday, the day appointed for trial, at which time he saw his client and instructed him to hurry to the court to take care of the case, as he was unable to attend court.

The court's finding of fact did not convict Black of drunkenness, but it does not follow, on that account, that there was an abuse of discretion in refusing to set aside the order of dismissal. The testimony is sufficient to support the finding made that Black did not use proper diligence to notify the court of his condition, whatever may have been the cause, and it was, therefore, within the discretion of the court to refuse to reinstate the case on the docket, and that judgment is affirmed.