## GILLIE v. STATE.

[89 South. 665, No. 21902.]

CRIMINAL LAW. *Circuit court may dismiss appeal from conviction before a justice, for failure to appear, without inquiring into trial affidavit's validity.*

Where one convicted in the court of a justice of the peace appeals to the circuit court, but fails to appear when his case is called for trial, it is competent for the circuit court to dismiss his appeal, with a writ of *procedendo* to the justice of the peace without inquiring into the validity of the affidavit on which he was tried by the justice of the peace.

APPEAL from circuit court of Coahoma county.
HON. W. A. ALCORN, Judge.

Joe Gillie was convicted in a justice court of disturbing the peace, and appealed to the circuit court, where his appeal was dismissed with writ of *procedendo* to the justice of the peace, and he appeals. Affirmed.

*Maynard, Fitzgerald & Venable,* for appellant.

First: A judge is not a mere umpire, but is the active agent of society to the end that justice may be done under the law, and has inherent power to do all things that are

reasonably necessary for the administration of justice within the scope of his jurisdiction. *Brandon* v. *Carter*, 119 Mo. 572, 41 Am. St. Rep. 673; *State* v. *Townley*, 67 Ohio St. (Am. St. Rep.) 636.

Second: It is the duty of the court of its own motion, to render such judgment on the whole record in a case as the law requires. *Johnson* v. *White Mountain Creamery Ass'n*, 68 N. H. 437, 73 Am. St. Rep. 610. A multiplication of authorities to sustain this proposition is unnecessary since it will undoubtedly be admitted as universally known.

When this case was called in the circuit court and the record in the case came before the judge for rendition of judgment the court should have rendered such judgment as on the whole record the law required. The defendant failed to answer; why, does not appear of record. The court, by an inspection of the record, knew or should have known that a citizen had been sentenced to a fine and imprisonment when he had committed no offense.

It is true, and is not denied, and we believe the rule is sound, that if a defendant fails to answer when called, that his appeal can be dismissed, provided there is a valid affidavit or indictment, and this has been so decided by our own supreme court. *Bush* v. *State*, 6 So. 647; *Thomas* v. *State*, 68 Miss. 91; *Hemming* v. *Greenville*, 69 Miss. 214. But we respectfully submit that this rule does not apply in the case where there is a void affidavit, or indictment. *Woodson* v. *State*, 94 Miss. 370; *Hall* v. *State*, 91 Miss. 216; *Morris* v. *State*, 118 Miss. 605; *Spivey* v. *State*, 58 Miss. 743; *Pitman* v. *State*, 107 Miss. 153.

The principle was clearly announced in the case of *Newcom* v. *State*, 37 Miss. 383, wherein the court used this language: "It is, however, objected in behalf of the state that the alleged error cannot be considered here, inasmuch as no objection to the indictment was taken in the court below and that the party is precluded from raising it here by the provisions of article 7 of the Code 573. If the errors here assigned were upon matter of form, or even upon such mat-

ter of substance as the accused might waive, either expressly or by failure to take advantage of it at the proper time and in the proper mode in the court below, the objection to entertaining it here would prevail under the rule declared by the statute, but the error insisted upon goes to the very essence of the offense. It is that the indictment is invalid because in law it charges no offense against the accused. If this position be correct, it is manifest that he could not waive the insufficiency of the indictment by neglecting to raise any objection to it in the court below so as to render the conviction rendered upon it valid, for that would be by mere silence, to give validity to a criminal charge against him when the indictment contained no such legal charge." Constitution of Miss., sec. 26.

Every judge is made a guardian of the constitution in the enforcement of laws by virtue of his oath: Constitution of Miss., sec. 155. Where he solemnly swears that he will perform all of the duties incumbent upon him as judge agreeably to the constitution of the United States and laws of the state of Mississippi, it therefore becomes, under his oath of office, the duty of the judge to be the active guardian of the Constitution to the end that its provisions shall be observed. He would indeed be a poor guardian and weak defender if he could only act when acted upon, and had not the power to proceed of his own motion.

We therefore respectfully submit that where the record discloses the absence of a proper predicate for a prosecution, it is the duty of the judge, of his own motion, in the public interest to dismiss the cause, unless the state shall see fit to amend, if it be such a case that amendment is possible.

We further respectfully submit to the court that it is the law in this state that a valid affidavit charging an offense is necessary to the jurisdiction of the justice of the peace, and that the circuit court, upon appeal, can only have that jurisdiction which the justice court had. *Watson* v. *State,* 94 Miss. 370; *Morris* v. *State,* 118 Miss. 605; *Spivey* v. *State,* 58 Miss. 743; *Pitman* v. *State,* 107 Miss. 153.

It is true that we have statutes by which defective af-fidavits may be amended and these statutes have been u<sub></sub>-held. We respectfully submit that the true principle up-on which the statutes and these decisions are to be con-strued together is that where the affidavit is amended, or may be amended, but is defective in form, *prima-facie,* at least, the court had no jurisdiction. The state may, on motion, amend and overcome this presumption, but there is no presumption that it can. If it cannot, the court will dismiss the case, because the justice court only has juris-diction of crimes and has no jurisdiction of that which is not a crime, and has no power to punish. If the state can amend, well and good, but until it does, *prima-facie,* the record speaks the truth, and until amended the court has no jurisdiction.

*H. Cassedy Holden,* special assistant attorney-general, for the state.

The state formerly submitted this case in the light of, *Pittman* v. *State,* 107 Miss. 154, 65 So. 123 ; *Jordan* v. *State,* 87 Miss. 170, 39 So. 895; *Newcomb* v. *State,* 37 Miss. 383.

In so doing it was the idea of counsel for the state that unless the rule announced in these three cases applied, then this court should affirm the judgment of the court below.

It is well settled that if a defendant who appeals from a conviction in the justice of the peace court fails to pre-sent himself or to appear in the circuit court when his case is called and prosecute his appeal, then it is proper for the circuit court to dismiss the appeal with *procedendo* to the justice of the peace court. *Ex parte Caldwell,* 62 Miss. 774; *Bush* v. *State,* 6 So. 647 ; *Thomas* v. *State,* 68 Miss. 91; *Henning* v. *Greenville,* 69 Miss. 214. The last-named case is very similar to the case at bar.

The sole question before the court in the case at bar, as in the case just quoted from, is the propriety of the action of the lower court in dismissing the appeal from the justice

of the peace court. Certainly there can be no argument on this question. The lower court could not have acted more in accordance with the law than he did in dismissing the appeal when the defendant failed to appear and prosecute same. This was his only course. He had no alternative. There can be no serious argument on this proposition unless it be that the appellant in this court may for the first time present objections to the affidavit upon which he was convicted in the justice of the peace court. It is submitted, in behalf of the state, that he cannot now present such objections, having failed to appear in the lower court and present them there. It is regretted that this contention was not made sufficiently clear to the court when the case was formerly submitted.

Any and all objections to the affidavit should have been made by the defendant in the circuit court under sections 1182 and 1183, Hemingway's Code (sections 1426 and 1427, Code of 1906). Had these objections been made in the circuit court the state would have then had the right to amend the affidavit. *Burnett* v. *State,* 72 Miss. 994, 18 So. 432.

The trial could have then proceeded under the amended affidavit, but the defendant did not appear in the circuit court and his appeal was dismissed. Had the defendant appeared and the trial proceeded and the defendant had been convicted and had he appealed to the supreme court in this situation, then the rule announced in *Newcomb* v. *State, Jordan* v. *State,* and *Pittman* v. *State, supra,* would have applied and he could have, for the firsttime, objected to the affidavit in the supreme court, but it is submitted that this rule does not apply where the defendant has allowed his appeal to be dismissed, but in such cases the rule announced in *Bush* v. *State, Thomas* v. *State* and *Henning* v. *Greenville, supra,* would apply.

In conclusion, it is submitted that the matter of defects in the affidavit has no bearing upon the action of the lower court in dismissing the appeal from the justice of the peace court, and the judgment of the lower court should be affirmed.

SMITH, J., delivered the opinion of the court.

The appellant, having been convicted in the court af a justice of the peace upon an affidavit charging him with disturbing the peace, etc., appealed to the court below, and when his case was called for trial therein neither he nor his counsel appeared, whereupon his appeal was dismissed, with a writ of *procedendo* to the justice of the peace, and he appealed to this court.

The ground upon which a reversal of the order appealed from is sought is that the affidavit upon which the appellant was convicted in the court of a justice of the peace is so defective that it fails to charge him with the commission of any crime. Upon the failure of the appellant to appear for trial in the court below, pursuant to his appeal thereto, it was competent for the court to dismiss his appeal, with a writ of *procedendo* to the justice of the peace, and it was not incumbent upon it to inquire into the validity of the affidavit upon which he was tried. *Henning* v. *Greenville*, 69 Miss. 214, 12 So. 559.

*Affirmed.*