W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellee.
W. B. Harrison, of Birmingham, amicus curiæ.

(117 So. 403)
## THOMPSON v. CITY OF BIRMINGHAM.
### (6 Div. 315.)

Court of Appeals of Alabama.   Dec. 20, 1927.

Rehearing Denied Jan. 17, 1928.   Reversed on Mandate June 12, 1928.

BRICKEN, P. J.   Petitioner, James Thompson, was convicted in the recorder's court of the city of Birmingham for a violation of a certain ordinance of said city.   A fine was imposed upon him, and, in addition thereto, he was sentenced to serve a term of hard labor for the city.   From the judgment of conviction he appealed to the circuit court of Jefferson county.   The judgment of the recorder's court was in all things regular and valid, and the appeal was duly perfected. This appeal was regularly set for trial in the circuit court.   Upon the call of the case in the circuit court, the defendant failed to appear, as by the terms of his appeal bond he was bound to do.   Thereupon, on motion of the city attorney, the court entered a forfeiture on the appeal bond, the appeal was dismissed, and a procedendo was awarded to the recorder's court to enforce its judgment against the defendant.

Pursuant to this order, a procedendo was issued to the recorder's court, and, in the enforcement of the judgment of the recorder's court, the chief of police of Birmingham arrested the defendant, and had him in custody at the time of the filing of the petition for writ of habeas corpus in this case.   Upon being so arrested, the prisoner sued out a writ of habeas corpus, alleging that he was being unlawfully restrained of his liberty, upon the theory that the only proper action for the circuit court to have taken upon defendant's failure to appear in the circuit court was to have entered a forfeiture on the bond, and to have ordered an alias capias for the re-arrest of the defendant, so that he might be further held to appear before the circuit court on the next setting of the case.   The writ was denied by the court below, the petition was dismissed, and the prisoner remanded to the custody of the chief of police.

This cause is here submitted upon briefs by consent of parties.   Moreover, the statute (Acts 1927, p. 76) now provides that any party aggrieved by the judgment on the trial of habeas corpus may appeal to the Supreme Court or to the Court of Appeals.   Under either aspect this case is properly before this court.

It is contended by petitioner that the perfection of the appeal to the circuit court completely vacated the judgment of the recorder's court, and wholly ousted that court of further jurisdiction of the defendant; and that thereafter any punishment of the defendant could only be legally imposed by the circuit court.

The controlling question is the propriety of the circuit court's action in dismissing the appeal and in awarding a procedendo to the recorder's court.   If the appeal was properly dismissed and procedendo properly awarded, the appellant's imprisonment is lawful and proper.   If the circuit court was without authority to dismiss the appeal and award procedendo, the appellant is being illegally restrained of his liberty, and is entitled to relief.

In order to avail himself of the statutory privilege of a trial de novo in the circuit court, it was incumbent upon the defendant to appear in the circuit court when his case was called for trial.   His appeal bond obligated him to appear there, and it was his duty to appear there, if he desired to have his case heard de novo.

Upon his failure to appear, the circuit court was authorized, in the exercise of its discretion, to dismiss the appeal and award a procedendo to the recorder's court to enforce its judgment against the defendant. The action of the circuit court was in accord with sound principles of procedure, and finds uniform support in authorities whose reasoning is unanswerable.   Henning v. City of Greenville, 69 Miss. 214, 12 So. 559; Ex parte Caldwell, 62 Miss. 774; Bush v. State (Miss.) 6 So. 647; Henderson v. State (Miss.) 8 So. 649; Durden v. State 102 Miss. 570, 59 So. 845; Gillie v. State (1921) 126 Miss. 832, 89 So. 665; State v. Koerner (1918) 103 Wash. 516, 175 P. 175; State v. Berg (1920) 111 Wash. 422, 191 P. 400; State v. Parmeter, 49 Wash. 435, 95 P. 1012; State v. Jones, 80 Wash. 335, 141 P. 700; State v. Buffumn, 94 Wash. 25, 161 P. 832; Colley v. State, 143 Ark. 536, 220 S. W. 834; Town of Hammond v. Badeau (1915) 137 La. 58, 68 So. 213; Woodhead v. State (N. J. Sup. 1926) 134 A. 556; 16 Corpus Juris, 375, 376.

The crux of the problem was keenly sensed and ably expressed by the Supreme Court of New Jersey in the case of Woodhead v. State, supra, in which it was held that, if appellant, from a conviction in an inferior court, failed to appear in the circuit court when his case was regularly called, his appeal should be dismissed.   In that case the court said:

"The statute makes no specific provision for cases where the appeal is not moved, but that should not paralyze the arm of the law.   It is fundamental in all classes of cases that an appeal should be brought on, or in default be dismissed."

In the case of Henning v. City of Greenville, supra, it was held that an appeal to the circuit court from a conviction before a mayor is properly dismissed on appellant's failure to appear when called in the circuit court, and that a procedendo to the mayor to proceed to execute the judgment of his court was properly directed.   There the court said:

"The only question before us is, whether the circuit court rightly dismissed his appeal upon appellant's failing to appear to be there tried. * * * The end of the matter would be, at last, that the lower court rightly decided the only question presented to it. * * * If the defendant did not choose to prosecute his appeal, he cannot now complain that the court did not pass upon the question of his guilt under the law and the facts.   The right of appeal was

given that he might have this done, but he cannot dismiss his appeal, or invite its dismissal, by failing to appear for trial, and yet have the court pass upon all the questions he may have curiosity to have determined."

The statutes of Mississippi providing for an appeal and trial de novo likewise make no specific provision as to what should or might be done on appellant's failure to appear in the circuit court.

The Supreme Court of Washington, in the case of State v. Koerner, supra, in holding that the superior court might dismiss an appeal from a conviction in the police court, because of appellant's failure to exercise proper diligence in securing a determination of his appeal, said:

"The dismissal of appeals in such cases is a matter" resting "within the discretion of the trial court, and from the showing made here, we cannot say that there was any abuse of such discretion."

The general rule applicable to the question under consideration, and which prevails without conflict among the authorities, has been thus stated:

"It has been held that the state is entitled to a dismissal where the defendant fails to prosecute his appeal to a final conclusion within a reasonable time; and when a case is called and appellant fails to appear and answer the charge against him as required by law, the court has the right to dismiss the appeal and take all other necessary action in the case." 16 Corpus Juris, 375.

The case of State ex rel. City of Birmingham v. Fort, Judge, 12 Ala. App. 632, 67 So. 734, is not in conflict with the foregoing views. In that case it was simply decided that mandamus would not lie to compel a circuit judge to dismiss an appeal from the recorder's court, upon the failure of the appellant to appear in the circuit court. That decision did not deny, nor even consider, whether a discretionary right existed in the circuit court to dismiss the appeal under the circumstances.

As the authorities noted above clearly demonstrate, the exercise of the right to dismiss the appeal is a matter properly resting in the discretion of the circuit court, and this court, in the Fort Case, supra, quite properly held that the circuit court could not be compelled to dismiss the appeal. This, upon the well-settled principle that mandamus will not lie to compel the exercise of a discretionary power in a particular way. Ex parte Edwards, 20 Ala. App. 567, 104 So. 53; Ex parte Crumpton, 21 Ala. App. 446, 109 So. 184.

Nor is the case of Moore v. City of Birmingham, 12 Ala. App. 619, 68 So. 540, certiorari denied Moore v. City of Birmingham, 192 Ala. 688, 68 So. 1019, inconsistent with the existence of a discretionary power in the circuit court to dismiss the appeal and award a procedendo. The Moore Case simply affirmed the proposition that, after the failure of the appellant to appear in the circuit court, he "can" be arrested under an alias writ of arrest issued out of the circuit court, and that imprisonment under such writ is not unlawful. It did not deny an alternative discretionary power to dismiss the appeal and award procedendo.

The circuit court, upon the failure of the appellant to appear, may properly exercise its discretion either (1) to dismiss the appeal and award a procedendo to the recorder's court, or (2) to order an alias capias for the arrest of the defendant, to be held for further appearance before the circuit court. It is the theory of a discretionary power that expressly runs through all cases, and is particularly made manifest by the case of Bang v. State, 106 Miss. 824, 64 So. 734, in which it was held that the appellant could not, as a matter of right, after arriving in the circuit court, dismiss his appeal, and thus remit himself to the judgment of the inferior court.

The statute providing for an appeal to the circuit court from a conviction in the recorder's court contemplates a due appearance by the appellant in the circuit court upon the call of his case. The appellant has no cause to complain of a dismissal of his appeal and a consequent reinstatement of the judgment of the recorder's court, when by his own conduct in failing to appear in the circuit court he has, in legal effect, failed to manifest a continued dissatisfaction with the judgment from which he appealed.

The right of appeal from a conviction in a recorder's court to the circuit court is purely statutory. Code 1923, § 1937. Without such statutory provision, no right of appeal would exist. There is no common-law right thereto. Town of Brighton v. Miles, 153 Ala. 673, 45 So. 160.

The appellant has had his full opportunity to a trial de novo in the circuit court, and that is all that he is entitled to ask for, as a matter of right. The discretion to dismiss the appeal and award procedendo necessarily rests in the circuit court as a reasonable and proper method of protecting that court against abuse of the statutory privilege of appeal, and against the obstruction of its orderly procedure. Did no such power exist, an appellant—a person who had been judicially declared guilty—could perpetually avoid serving a labor sentence imposed by a recorder's court simply by paying forfeitures. The statute according the right of appeal does not contemplate such an absurdity.

The discretionary power of dismissing the appeal and awarding procedendo is inherent in the circuit court, and rests upon the principles akin to those which permit a court in any case to dismiss a case for want of prosecution, independent of statute or rule of court. 18 Corpus Juris, 1192; Roy v. Louis-

ville & Nashville Railroad Co., 9 Ala. App. 377, 63 So. 772.

Cases appealed from recorder's court are "governed in all respects by the laws regulating appeals from judgments of justices of the peace in criminal cases." Code 1923, § 2307.

"All appellate courts to which proceedings from the justice court have been removed by appeal, certiorari or otherwise, and it becomes necessary or proper that the proceedings in whole or in part should be remanded to the justice court for further action, such appellate court may by an appropriate order direct that the justice court from which the cause was removed, proceed as may be directed by such appellate court." Code 1923, § 8790. And, by section 8791 of the 1923 Code, a "dismissal of the appeal" is expressly recognized as one of the causes authorizing the issuance of the writ of procedendo. These statutes clearly contemplate a restoration of the judgment of the justice's court, or recorder's court to its original force and effect upon a dismissal of the appeal. Otherwise the provision for the issuance of the writ of procedendo would be both purposeless and meaningless.

The case of House v. City of Anniston, 5 Ala. App. 357, 59 So. 686, does not militate against this conclusion. The sole question decided in that case was that a surety on an appeal bond filed in a recorder's court could not exonerate himself from liability on the bond by surrendering his principal to the city authorities. The entire effect of that decision was emasculated by the Acts of 1915, p. 139, § 1, subsequently brought forward as section 1939 of the 1923 Code, which provides that the surety on such bond may exonerate himself from liability by surrendering the principal to the city authorities at any time before conditional judgment rendered. It is quite true that, for the purpose of the sole question considered in the House Case, supra, as there stated by the court, the jurisdiction of the recorder's court was completely at an end, and the appeal might not be terminated merely by the surety's surrender of the appellant to the city, yet it by no means follows that the jurisdiction of the recorder's court to enforce its judgment was not subject to reinvestiture upon a proper dismissal of the appeal by the circuit court with an ensuing writ of procedendo. The unnecessarily broad statement in that case that the jurisdiction of the recorder's court was by the appeal completely put to an end, the same as if it never existed, went beyond the necessities of that case, and cannot be considered binding authority in the decision of the question now presented directly. Henderson v. Garner, 200 Ala. 59, 75 So. 387; Folkes v. Central of Georgia Railway Co., 203 Ala. 376, 80 So. 458; Realty Investment Co. v. Mobile, 181 Ala. 184, 61 So. 248. "In every court, if a case varies from the facts and circumstances of

preceding authorities, the judge is at liberty to found a new decision on these circumstances." Realty Investment Co. v. Mobile, supra. See, also, Code 1923, § 10287.

The sound and universally prevailing rule has been stated as follows:

"After an appeal has been properly perfected by taking the steps required by the statute, the jurisdiction of the justice ceases, and that of the appellate court attaches. Thereafter the justice has no authority to take further action except to certify the appeal, and a commitment for the enforcement of a fine and costs imposed is void. Where, however, * *. * the appellate court dismisses the same, and sends it back to the justice court with a writ of procedendo, the judgment of the justice's court is left in full force and effect, and commitment in pursuance thereof is valid." 16 Corpus Juris, 376.

The circuit court is given by statute, "a general superintendence over all inferior jurisdictions" (Code 1923, § 6676, subd. 3), and a circuit judge has the authority to grant "all other remedial and original writs which are grantable by judges at common law" (Code 1923, § 6709, subd. 1).

The writ of procedendo is a common-law writ issuing from a superior court to an inferior court directing it to proceed to execute its judgment, and having for its purpose the restoration of the statu quo. 32 Cyc. 405. Authority for its issuance clearly exists under these statutes.

The foregoing views are not inharmonious with the statutory right of a trial de novo in the circuit court, and the holding in this case is not an improper abridgment of such right. A decent respect for law, and for the efficient and orderly operation of the courts, by the appellant appearing in the circuit court to receive the benefit of the power and jurisdiction which he evoked when the appeal was taken, is all that is required, and of such requirement the appellant has no just cause to complain. It was not intended that the statutory right of appeal and trial de novo be converted into an instrument of abuse, nor that such statutory grace be permitted to be repudiated by the recipient thereof to his own profit, to society's detriment, and to an unreasonable hindrance of society's courts in the performance of their intended task of service.

We are of the opinion that the petition is without merit, and approve the action of the circuit court in denying the writ.

Writ denied. Affirmed.

SAMFORD and RICE, JJ. (concurring in conclusion). We base our concurrence in the conclusion reached by the Presiding Judge upon section 8790 of the Code of 1923. We think that this section invested the circuit court in a case of this character, where default is made by a defendant, with the power, in its discretion, to dismiss the de-

fendant's appeal and to issue a writ of procedendo to the lower court ordering that court to carry out its judgment. The whole proceeding is statutory, and we are of the opinion that section 8790, supra, contains the necessary statutory authority to confer power on the circuit court to issue the writ, and that this section supersedes the opinions in Moore ·v. City of Birmingham, 12 Ala. App. 619, 68 So. 540; State ex rel. City of Birmingham v. Fort, 12 Ala. App. 632, 67 So. 734, and other cases of similar import.

PER CURIAM. Reversed and remanded, on authority of Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406.