BARNES, J.,
for the Court:
¶ 1. On February 9, 2008, Kenneth Glynn Dorsey was stopped and charged with operating a vehicle while under the influence of alcohol (DUI). On November 30, 2009, the State indicted Dorsey for felony DUI pursuant to Mississippi Code Annotated section 63-11-30 (Rev.2004) in the Madison County Circuit Court. Section 63-ll-30(2)(c) states that “for any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felonyf.]” The indictment alleged Dorsey had two prior DUI convictions within five years of the current charge. The first prior conviction was on September 21, 2006, in the Justice Court of Madison County. This conviction was appealed to the County Court of Madison County on October 6, 2006, where Dorsey was convicted upon de novo review for the same offense. The second DUI offense showed a conviction date of October 10, 2006, in the Municipal Court of the City of Ridgeland, Mississippi.[1]
¶ 2. On June 21, 2009, Dorsey pleaded guilty to felony DUI. He was sentenced to five years in the custody of the Mississippi Department of Corrections, with three years to be stayed, and Dorsey was to be placed on supervised probation for five years, placed on house arrest for two years, enrolled in an alcohol and drug treatment program within thirty days of the sentence, and fined $3,487.50.
¶ 3. Dorsey filed a motion for post-conviction relief (PCR), arguing that the State failed to prove the underlying offenses necessary to support his conviction of felony DUI. He also raises a prospective claim of double jeopardy in the event he is charged again for the same offense. The Madison County Circuit Court dismissed the motion, finding that Dorsey was not entitled to any relief, and we affirm that judgment.
STANDARD OF REVIEW
¶ 4. “The circuit court may dismiss a PCR motion without an evidentiary hearing ‘if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ” Ingram v. State, 107 So.3d 1024, 1027 (¶ 3) (Miss.Ct.App.2012) (quoting Miss.Code Ann. § 99-39-11(2) (Supp.2011)). Unless the circuit court’s factual findings “are clearly erroneous,” they will not be disturbed on appeal. Id. at (¶ 4) (citing Presley v. State, 48 So.3d 526, 528-29 (¶ 10) (Miss.2010)). Questions are law are reviewed de novo. Id.
DISCUSSION
¶ 5. Dorsey contends that he should not have been charged or convicted of felony DUI, as the State failed to provide proof he had been convicted of two DUI offenses five years prior to the felony DUI in question. Specifically, Dorsey argues that his September 21, 2006 conviction from justice court is “non-existent” or “does not exist” because it was appealed to the county *157 court, where a judgment of guilt was rendered. Therefore, he claims that “his conviction in the Justice Court was gone for all of the intents and purposes of the law[,]” and the indictment was fatally defective.
¶ 6. Usually, “a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant.” Conerly v. State, 607 So.2d 1153, 1156 (Miss.1992) (quoting Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). However, the entry of a guilty plea does not waive the right to challenge the indictment for failure to charge an essential element of the crime. Joiner v. State, 61 So.3d 156, 159 (¶ 7) (Miss.2011).
¶ 7. We find that Dorsey’s argument lacks merit. An indictment should contain “the essential facts constituting the offenses charged and shall fully notify the defendant of the nature and cause of the accusation.” Wilkins v. State, 57 So.3d 19, 26 (¶ 20) (Miss.Ct.App.2010) (quoting URCCC 7.06). While it might have been more correct to list the county court DUI conviction that resulted from the appeal of the justice court conviction, the indictment was sufficient to inform Dorsey of the offense that constituted his prior DUI conviction.
¶ 8. Further, the Mississippi Supreme Court stated in Ex parte Caldwell, 62 Miss. 774, 776 (1885):
By [the] appeal to the circuit court from the judgment of the justice of the peace convicting the appellant, the judgment of the justice was superseded, but it was not vacated. It remained in force, liable to be merged in the judgment of the circuit court when rendered in the trial of the case anew by that court on the appeal.
Dorsey’s September 21, 2006 conviction in justice court did not become “non-existent”; rather, it merged with the county court’s conviction on appeal. Thus, we find that it was not reversible error to list the justice court conviction as an underlying offense to support Dorsey’s charge of felony DUI.
¶ 9. Although Dorsey also raises a prospective argument that he cannot be charged and tried again for the same offense of felony DUI, it is not necessary for this Court to .address this argument, as the issue is moot.
¶ 10. Accordingly, we affirm the judgment of the circuit court.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. The offense for the first conviction occurred on January 15, 2006. The offense for the second conviction occurred on February 15, 2006.